THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES T. ELLETT,
    Respondent, *v.* JOSEPH F. O'GRADY and Others, Composing the
    Board of Supervisors of the County of Richmond, Appellants.

*Greater New York charter — its effect on acts passed subsequently in the same year.*

Chapter 434 of the Laws of 1897, providing for the laying out of a public park
    in the county of Richmond according to a plan to be confirmed by the super-
    visors of that county,. was not repealed by the Greater New York charter
    (Chap. 378 of the Laws of 1897), which, by its terms, was deemed to have
    been enacted on the 1st day of January, 1898, at least so far as the initiatory
    proceedings for the selection, designation and establishment of the park are
    concerned, particularly as the park act is a special act, while the charter is a
    general act, not in its terms plainly inconsistent with it.

*Quære,* whether the provision of section 1611 of the Greater New York charter,
    fixing the date at which it shall be deemed to have been enacted for the pur-
    pose of determining its effect upon other acts and their effect upon it, is effec-
    tive as to statutes passed subsequent to it, even by the same Legislature.

APPEAL by the defendants, James F. O'Grady and others, com-
posing the board of supervisors of the county of Richmond, from
an order of the Supreme Court, made at the Kings County Special
Term and entered in the office of the clerk of the county of Rich-
mond on the 17th day of August, 1899, granting the relator's
motion for a peremptory writ of mandamus.

*William J. Carr* [*Samuel H. Evins* with him on the brief], for
the appellant.

*William Allaire Shortt,* for the respondent.

CULLEN, J. :

By chapter 434 of the Laws of 1897, enacted May 15, 1897,
there was directed to be laid out and established in the county of
Richmond a public park.    It was provided that within ten days after
the passage of the act the Governor should appoint five persons, tax-
payers of the county, as commissioners to lay out the park, who
should select for that purpose certain lands within limits specified in
the act.    The commissioners were directed to cause a survey and
detailed map of the park to be made, and a report thereof giving a
description of each piece of property, the names of the owners,
with other information of a like general character.    The map, plan
and report were directed to be prepared in triplicate, one copy filed

with the county clerk, one with the board of supervisors and one retained by the commissioners. It was made the duty of the board of supervisors of the county at its first regular meeting after the filing of the map and plan to confirm the report of the commissioners, and by resolution to declare that the county had determined to appropriate the parcels of land named in the report for the purpose of a park. The statute then makes provision for the condemnation of these lands and their acquisition by the public. Commissioners were appointed by the Governor, who on the 6th day of December, 1897, made and filed, as required by the statute, a map, plan and report. The matter has since slumbered until the application on June twentieth of this year, by the relator, a citizen and resident of the county, for a writ of mandamus compelling the board of supervisors to approve and adopt the plan. The application was resisted on the ground that the Greater New York charter, which was passed on May 4, 1897, but which went into effect on January 1, 1898, has repealed the statute directing the laying out of the park.

By section 1611 of the charter (Laws of 1897, chap. 378) it is enacted that for the purpose of determining the effect of that act upon other acts and the effect of other acts upon it, the charter shall be deemed to have been enacted on the 1st day of January, 1898. Whether this provision of the charter is effective as to statutes passed subsequent to it, even by the same Legislature, may well be doubted. In *Mongeon* v. *The People* (55 N. Y. 613) it was held that "the Legislature could not declare in advance the intent of subsequent Legislatures or the effect of subsequent legislation upon existing statutes." We doubt whether the same rule does not obtain even where the two statutes were passed at the same session. But it is unnecessary to determine this, for if we should treat the charter act as enacted subsequent to the park act, still we think the latter is not repealed by the former; at least so far as the initiatory proceedings for the selection, designation and establishment of the park are concerned. The park act is a special act, while the charter act is a general act. The general rule is well established that a general statute does not repeal by implication an earlier local or special statute on the same subject, unless plainly inconsistent with it. But, after all, the ques-

tion "Whether a subsequent statute repeals a prior one, in the absence of express words, depends upon the intention of the Legislature." (*Anderson* v. *Anderson*, 112 N. Y. 104.) As a matter of fact the charter was passed in May, 1897, whether it is, as matter of law, to be considered as passed in January, 1898, or not. Between the time of the real enactment of the law and the date at which it was to become operative and go into effect, there intervened a period of many months. It was the intention of the Legislature to establish a public park in the county of Richmond, and to do this immediately. It could not accomplish this object by any amendment to the Greater New York charter, because that charter was not to go into operation until the following year. It was, therefore, necessary to direct that the park be laid out through the medium of the local authorities of Richmond county as such authorities then existed. It may well have been thought that the whole work of designating, acquiring and improving the park lands would be completed before the Greater New York charter took effect. In such case it would of course be impracticable to make any provision for the work in that charter. As is usual in the case of public improvements, a much greater time has been spent in carrying out the work directed than was anticipated, but this delay cannot be allowed to defeat the plain mandate of the Legislature that the park shall be laid out and established. To carry out this design it is necessary that the plan adopted by the commissioners should be approved by the board of supervisors of Richmond county, for no other machinery to accomplish this end is provided. Whether, after such approval by the board of supervisors, the further prosecution of the undertaking will not devolve on the appropriate officials of New York city, instead of those mentioned in the statute, it is not necessary for us now to determine. We are clear that the park must be laid out, established and completed as required by the statute of May 15, 1897, and that the Greater New York charter is no obstacle to the work. The relator, as a citizen and resident of the county, has sufficient standing to maintain this proceeding.

The order should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.