## PEOPLE ex rel. ELLETT v. O'GRADY et al.

(Supreme Court, Appellate Division, Second Department.   December 5, 1899.)

STATUTES—GENERAL AND SPECIAL ACTS—REPEAL.

> May 4, 1897, the Greater New York charter was passed, to go into effect January 1, 1898. By section 1611 of the charter, it is enacted that for the purpose of determining the effect of that act upon other acts, and the effect of other acts upon it, the charter shall be deemed to have been enacted on January 1, 1898. On May 15, 1897, Laws 1897, c. 434, was enacted, directing the laying out and establishment of a public park in Richmond county,—a part of Greater New York. *Held*, that the charter act does not operate to repeal the park act, since the charter act is a general act, and the park act is a special act.

Appeal from special term, Richmond county.

Petition for a writ of mandamus by the people, on the relation of James T. Ellett, against Joseph P. O'Grady and others, composing the board of supervisors of the county of Richmond. Writ granted, and defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William J. Carr (Samuel H. Evins, on the brief), for appellants.
William Allaire Shortt, for respondent.

CULLEN, J. By chapter 434 of the Laws of 1897, enacted May 15, 1897, there was directed to be laid out and established in the county of Richmond a public park. It was provided that within ten days after the passage of the act the governor should appoint five persons, taxpayers of the county, as commissioners to lay out the park, who should select for that purpose certain lands within limits specified in the act. The commissioners were directed to cause a survey and detailed map of the park to be made, and a report thereof giving a description of each piece of property, the names of the owners, with other information of a like general character. The map, plan, and report were directed to be prepared in triplicate,—one copy filed with the county clerk, one with the board of supervisors, and one retained by the commissioners. It was made the duty of the board of supervisors of the county at its first regular meeting after the filing of the map and plan to confirm the report of the commissioners, and by resolution to declare that the county had determined to appropriate the parcels of land named in the report for the purpose of a park. The statute then makes provision for the condemnation of these lands, and their acquisition by the public. Commissioners were appointed by the governor, who on the 6th day of December, 1897, made and filed, as required by the statute, a map, plan, and report. The matter has since slumbered until the application on June 20th of this year by the relator, a citizen and resident of the county, for a writ of mandamus compelling the board of supervisors to approve and adopt the plan. The application was resisted on the ground that the Greater New York charter, which was passed on May 4, 1897, but which

61 N.Y.S.—37

went into effect on January 1, 1898, has repealed the statute directing the laying out of the park.

By section 1611 of the charter it is enacted that for the purpose of determining the effect of that act upon other acts, and the effect of other acts upon it, the charter shall be deemed to have been enacted on the 1st day of January, 1898. Whether this provision of the charter is effective as to statutes passed subsequent to it, even by the same legislature, may well be doubted. In Mongeon v. People, 55 N. Y. 613, it was held that "the legislature could not declare in advance the intent of subsequent legislatures, or the effect of subsequent legislation upon existing statutes." We doubt whether the same rule does not obtain even where the two statutes were passed at the same session. But it is unnecessary to determine this; for, if we should treat the charter act as enacted subsequent to the park act, still we think the latter is not repealed by the former,—at least, so far as the initiatory proceedings for the selection, designation, and establishment of the park are concerned. The park act is a special act, while the charter act is a general act. The general rule is well established that a general statute does not repeal by implication an earlier local or special statute on the same subject, unless plainly inconsistent with it. But, after all, the question "whether a subsequent statute repeals a prior one, in the absence of express words, depends upon the intention of the legislature." Anderson v. Anderson, 112 N. Y. 104, 19 N. E. 427. As a matter of fact, the charter was passed in May, 1897, whether it is, as matter of law, to be considered as passed in January, 1898, or not. Between the time of the real enactment of the law and the date at which it was to become operative and go into effect, there intervened a period of many months. It was the intention of the legislature to establish a public park in the county of Richmond, and to do this immediately. It could not accomplish this object by any amendment to the Greater New York charter, because that charter was not to go into operation until the following year. It was therefore necessary to direct that the park be laid out through the medium of the local authorities of Richmond county, as such authorities then existed. It may well have been thought that the whole work of designating, acquiring, and improving the park lands would be completed before the Greater New York charter took effect. In such case it would, of course, be impracticable to make any provision for this work in that charter. As is usual in the case of public improvements, a much greater time has been spent in carrying out the work directed than was anticipated, but this delay cannot be allowed to defeat the plain mandate of the legislature that the park shall be laid out and established. To carry out this design, it is necessary that the plan adopted by the commissioners should be approved by the board of supervisors of Richmond county, for no other machinery to accomplish this end is provided. Whether, after such approval by the board of supervisors, the further prosecution of the undertaking will not devolve on the appropriate officials of New York City, instead of those mentioned in the statute, it is not necessary for us now to determine. But we are clear that the park must be laid out, established, and completed as required by

the statute of May 15th, and that the Greater New York Charter is no obstacle to the work. The relator, as a citizen and resident of the county, has sufficient standing to maintain this proceeding.

The order should be affirmed, with $10 costs and disbursements. All concur.