(69 Misc. Rep. 120.)

## DAVIS v. TREMAIN et al.

(Supreme Court, Trial Term, Oneida County. September, 1910.)

1. WILLS (§ 587*)—CONSTRUCTION—INTERESTS CREATED.

Where a will in one clause disposed of "whatever shall remain of my real estate," a subsequent clause, giving all testatrix's "household furniture and belongings not hereinbefore disposed of and any other balance of my estate, not otherwise disposed of," will not be construed to include realty.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1279, 1281–1291; Dec. Dig. § 587.*]

2. WILLS (§ 562*)—CONSTRUCTION—ESTATES CREATED.

Where a will devised testatrix's home, "consisting of the lot, with house and barn situated thereon," and she at her death owned an adjoining lot on which another building stood, there being no line of division between the two properties in any way designated, she will be deemed to have intended that a sufficient strip of land (six feet wide) adjoining the other building for the maintenance of overhanging eaves and window blinds should pass with such building as appurtenant thereto and not as a mere easement.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1225; Dec. Dig. § 562.*]

3. WILLS (§ 705*)—CONSTRUCTION—EQUITABLE ACTION.

Though Code Civ. Proc. § 1866, providing that the validity, construction, or effect of a testamentary disposition of realty situated in the state may be determined in an action brought for that purpose in like manner as the validity of a deed purporting to convey land may be determined, does not authorize an action where the sole purpose is to test the legal title to realty, and ejectment would afford a full and adequate remedy, yet, where a court under the section has obtained jurisdiction upon plaintiff's initiative, to establish the equitable right of the next of kin to the personal estate, such jurisdiction carries with it jurisdiction to adjust the whole controversy under the will, including rights to realty thereunder.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1682; Dec. Dig. § 705.*]

4. WILLS (§ 705*)—CONSTRUCTION—JURISDICTION OF COURT.

The fact that the rights and title of trustees under the will given discretionary power of sale of the realty during plaintiff's life and impera-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tively directed to sell upon the death of plaintiff and her sister were in-- volved would give the court jurisdiction to adjust rights as to the realty.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1682; Dec. Dig. §·· 705.*]

Action by S. Jeanie Davis against Albert W. Tremain, executor and trustee, under the will of Eleanor H. Higgins, and others, to· obtain construction of a will. Will construed.

Scripture & Scripture, for plaintiff.

Ward J. Cagwin, for defendant Tremain.

Frederick M. Calder, for defendant Hamilton College.

DEVENDORF, J. The plaintiff asks for a construction of cer-- tain clauses of the last will and testament of Eleanor H. Higgins,. deceased. The part submitted for such construction is contained in· clauses twelfth, thirteenth, and fourteenth, and is as follows:

"Twelfth. I give and devise the use and income of all ·the rest, residue· and remainder of my real estate, to my sister S. Jeanie Davis during the· term of her natural life, and at her death, to my sister Anna W. Davis during. the term of her natural life. If at any time during said terms my said execu- tor shall deem it for the best interests of my estate, by reason of unpro-- ductiveness or likely depreciation in value, or any other cause,, in the exer-- cise of his sound discretion, I hereby authorize and direct him to sell and· convey said real estate or any part thereof, at the best prices obtainable,. and the monies derived therefrom to invest in some good paying investment, and to pay the income therefrom to my said sisters as though it was the· income from the real estate as above provided.

"Thirteenth. At the death of both my said sisters S. Jeanie Davis and· Anna W. Davis, whatever shall remain of my said real estate I direct my said· executor to sell and convey and, out of the proceeds thereof: (a) I give· and bequeath to the Young Men's Christian Association of Rome, N .Y., the· sum of one thousand ($1,000.00) dollars. (b) I give and bequeath to the· Rome City Hospital of Rome, N. Y., the sum of one thousand ($1,000.00) dol- lars. (c) I give and bequeath to the Woman's Missionary Society of the First Presbyterian Church of Rome, N. Y., the sum of five hundred ($500.00) dol-- lars. (d) The remainder thereof, if any there be, I give and bequeath to· Hamilton College of Clinton, N. Y.

"Fourteenth. All my household furniture and belongings not herein- before disposed of and any other balance of my estate not otherwise disposed· of, I give, bequeath and devise to my sister S. Jeanie Davis, if living at the· time of my decease; if dead, then to my sister Anna W. Davis."

Plaintiff alleges that the above provisions should be so construed· as to give her the absolute title to certain· real estate situate in At-- lantic City, N. J.; it being her claim that the fourteenth clause, as a. residuary provision, devises to her such property in fee.

I am unable to accord with her in that regard. The testatrix ex- plicitly devises, by the tenth clause of her will, certain real estate· to the plaintiff and, again, by the eleventh clause, devises a farm to· another sister, and then, by the twelfth, gives and devises the use and income of all the rest, residue, and remainder of her real estate· to the plaintiff during the term of her natural life. The thirteenth. clause disposes of the property at the termination of the life estate.. It is true she did not specifically mention the New Jersey real estate, but it is embraced in the language "all the rest, residue and remain-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

-der of my real estate"; and the language of clause 14 simply refers to her household furniture and belongings, and any other balance of her personal estate not otherwise disposed of. It does not refer to the real estate or in any way control the disposition of the lands in New Jersey.

I have come to the conclusion, therefore, that the plaintiff must necessarily fail in obtaining the construction asked on her part.

There is still another question, more difficult of solution, which is raised herein by the defendants in their respective answers; that is, as to the construction and effect to be placed upon the tenth clause of the will, which is as follows:

"I give and devise my home, situate at 104 East Liberty street, in the city of Rome, N. Y., consisting of the lot with house and barn situated thereon, to my sister S. Jeanie Davis, if living at the time of my death. If not, then to my sister Anna W. Davis."

What property did the testatrix intend to devise to the plaintiff thereby? She owned other property adjoining, which certainly cannot be considered as part of the home; and, without agreement by the parties, the court must at some time and in some manner give effect and definite bounds to the language used. There are no monuments fixing the division line between the premises known as 104 and 106 East Liberty street.

I am aware of the long line of decisions uniformly holding that where there is a remedy at law no action lies under section 1866 of the Code of Civil Procedure to construe testamentary provisions Jones v. Richards, 24 Misc. Rep. 626, 54 N. Y. Supp. 126; Whitney v. Whitney, 63 Hun, 60, 18 N. Y. Supp. 3; McKinlay v. Van Dusen, 76 App. Div. 200, 78 N. Y. Supp. 377; Mellen v. Mellen, 139 N. Y. 219, 34 N. E. 925. This case, however, I think, differs from them in two respects: First, the plaintiff comes into a court of equity and asks for construction of the will in question, and the defendants, by their answers, join in asking that another provision of the will be construed; and, second, a trustee, designated by the testatrix in such will, is interested to know what property is placed in his hands and of which he is given a power of sale.

I think it well settled that section 1866 of the Code does not authorize the maintenance of an action in equity where the sole purpose is to test the legal title to real property, and the action of ejectment would afford a full and adequate remedy. Whitney v. Whitney, supra.

An heir at law or devisee who claims a mere legal estate in real property, where there is no trust, cannot come into a court of equity for the sole purpose of obtaining a judicial construction of the provisions of the will and thus obtain the title to real estate; the decision of such legal questions belongs exclusively to courts of law, unless a court of equity has obtained jurisdiction of the case for some other purpose. But, if the court has obtained jurisdiction for the purpose of establishing the equitable right of the next of kin to the personal estate, that carries with it jurisdiction to adjust the whole controversy. Wager v. Wager, 89 N. Y. 161; Bowers v. Smith, 10 Paige, 200.

The Supreme Court has jurisdiction to entertain an action, brought by an executor, trustee, or cestui que trust, to construe a doubtful or disputed trust clause in a will. Anderson v. Anderson, 112 N. Y. 104, 19 N. E. 427, 2 L. R. A. 175; Tonnele v. Wetmore, 195 N. Y. 436, 88 N. E. 1068; Read v. Williams, 125 N. Y. 560, 26 N. E. 730, 21 Am. St. Rep. 748.

In this case the trustee is given discretionary power of sale of the real estate during the life of the plaintiff and is imperatively directed to sell upon the death of the plaintiff and her sister. The controversy here, and which necessarily arises from the will, is as to what part of the real estate the plaintiff takes under the absolute devise to her and what part the trustee takes as such. How is the property divided, by the language of the will, between them? This, as above suggested, necessitates a decision by the court fixing the rights and powers of the trustee under the provisions of the will.

For the two reasons above given, namely, that this court, upon plaintiff's initiative, obtains jurisdiction to dispose of the whole controversy, and, secondly, the rights and title of the trustees are involved, I have come to the conclusion that there is power in this court, in this action, to determine the meaning and scope of the language of the tenth clause above quoted, and determine herein the rights of the respective parties thereunder.

As stated, there is no monument or line between the said dwellings 104 and 106; but the testatrix occupied the premises more or less, for the purpose of a lawn, well toward the cellar wall, of the dwelling No 106. It is urged by the plaintiff that, if there is to be a construction of this part of the will, the plaintiff should be awarded title to the land up to the cellar wall, but that there should be an easement for the overhanging cornice and the window blinds upon the house on those premises.

I think the testatrix did not create or intend to create an easement, only in the land immediately adjoining for the use, management, and maintenance of the dwelling 106. She necessarily used a certain part of such land as belonging thereto; and it appears as a fact in the case that, for such maintenance and overhanging eaves and window blinds, there should be a piece of land at least six feet wide appurtenant to the building.

She did not intend to injure the value of that property by willing away the necessary adjacent land to keep the premises in repair and for the use of the overhanging parts of the building. Neither did she intend to limit the use of such land to an easement. She had used what was necessary with the house (No. 106), and the fee of such narrow strip so used should go with it. An uncertainty would injure the value of both properties.

I have, therefore, construed the will in question as devising, with the house 106 East Liberty street, a strip of land six feet in width, extending southerly from such street; the east line of such strip being the westerly side of the cellar wall, such line being extended on the northerly to the street and on the southerly to a point six feet southerly of the southwest corner of such wall, and the west line of such strip being parallel thereto its entire length. The wire fence

extending from the southeast corner of said six-foot strip should be the line between the two premises to a point six feet northerly of the northeast corner of the barn; thence a six-foot strip of land on east and south sides of the barn should pass with it as appurtenant thereto, for the overhanging eaves, repairs, and maintenance. Also, a driveway, of a reasonable and necessary width, from the barn to Stone alley, so called, should pass with the barn. Such width should be fixed at 12 feet. The board fence as now located on the southerly of said premises 104 is the southerly line thereof.

Findings and conclusions may be prepared accordingly. A taxable bill of costs awarded to the defendant Tremain, as trustee, and to the defendant Hamilton College, to be paid from the estate.

Judgment accordingly.