SAMUEL ST. JOHN, Plaintiff, *v.* EDWARD PUTNAM and Others, Defendants.

Supreme Court, Saratoga County, February 17, 1927.

Partition — application to stay trial pending probate of alleged will — Supreme Court has plenary power to determine rights of all parties in property — fact that necessary parties have not been made parties defendant does not warrant stay of action — subsequent will alleged lost or destroyed — jurisdiction to establish lost or destroyed will — stay denied.

This action for partition, in which the complaint alleges that the decedent died intestate, will not be stayed pending the termination of a proceeding to probate an alleged will of said decedent. The Supreme Court has plenary power in this action to determine the rights and interests of all parties in the property.

The fact that all of the necessary and proper parties have not been made parties defendant in this action does not warrant staying the action, for ample provision exists for bringing in all those who may have any possible interest in the matter.

Inasmuch as it is claimed here that a will executed subsequent to that which is sought to be probated was lost or destroyed, the action to establish said will as decedent's will must be brought in the Supreme Court, pursuant to sections 200 and 204 of the Decedent Estate Law. In order to confer jurisdiction on the Surrogate's Court, under section 143 of the Surrogate's Court Act, to determine whether or not the subsequent will was lost or destroyed, it must appear that such will was in existence at the time of the death of the testatrix or was fraudulently destroyed in her lifetime.

The plaintiff has invoked the aid of the Supreme Court in an action of which the Surrogate's Court has no jurisdiction, and, in the absence of anything to show why the action should be stayed until questions presented are litigated in a tribunal of doubtful jurisdiction, the motion for a stay necessarily must be denied.

MOTION by defendant to stay proceedings in partition action until termination of probate proceedings in Surrogate's Court.

*John B. Smith,* for the plaintiff.

*F. Andrew Hall,* for the defendant Edward Putnam.

*Sheridan P. Wait* [*Spencer B. Eddy* and *Francis E. Dorsey* of counsel], for the defendant Richard J. Sherman, as temporary administrator of Alice Pettit Johnson Putnam, deceased.

HEFFERNAN, J. This is an action for the partition of the real property of which Alice Pettit Johnson Putnam was seized at the time of her death on January 10, 1927. The complaint alleges that the deceased died intestate and that several of the defendants are seized in fee and lawfully entitled to the possession of the property as tenants in common. This action was commenced by the service of a summons and a notice on January 25, 1927, and although the complaint has been filed it was not served and the action is not yet at issue.

On January 14, 1927, the defendant Sherman was appointed temporary administrator of the estate of the decedent by an order of the Surrogate's Court of the county of Saratoga. The surrogate has also directed the temporary administrator to take possession of the real property under the provisions of section 130 of the Surrogate's Court Act.

On February 2, 1927, the defendant Sherman and the Adirondack Trust Company of Saratoga Springs filed in the surrogate's office of Saratoga county a paper dated May 15, 1926, purporting to be the last will and testament of the decedent, in which instrument they are named as executors, and they have also filed a petition for the probate of this document. By the terms of this alleged will practically the entire estate, amounting to approximately $20,000, is devised and bequeathed to individuals who are strangers to the blood of the testatrix. Upon affidavits showing these facts, the defendant Sherman obtained from a justice of this court an order directing the plaintiff to show cause why the proceedings in this action should not be stayed until the termination of the probate proceedings in the Surrogate's Court. Upon the return of the order to show cause the plaintiff submitted affidavits showing that in July, 1926, William J. Delaney, an attorney at law, prepared a will for the decedent in which he was named as executor and that it was executed under his supervision and that there was incorporated therein a clause revoking all prior wills. One Beekman H. Searing was a witness to these transactions and an order has already been made denying an application to vacate a notice for taking his testimony by deposition. The defendant Edward Putnam has

appeared on the motion and contends that he is an adopted son of the deceased and as such is her sole heir at law and next of kin and that by the terms of the will of July, 1926, the entire estate of the decedent was devised and given to his children. He asserts that such will has been lost or destroyed and he desires a judgment establishing such will in this action.

Apparently there are four sets of claimants to this estate; the legatees and devisees under the will dated May 15, 1926, and now on file in the Surrogate's Court; the legatees and devisees under the will of July, 1926; all persons claiming to be the heirs at law and next of kin of the decedent, and the defendant Edward Putnam, who asserts that he is an adopted son.

One of the principal grounds urged by the defendant Sherman for staying proceedings in this action is that all the necessary and proper parties have not been named as defendants. That is not an insuperable objection. Ample provision exists for bringing in all those who have any possible interest in the matter so that a complete adjudication of the controversy may be had.

That defendant also contends that the Supreme Court is without jurisdiction to render a judgment establishing the validity of the alleged subsequent will and relies on *Anderson* v. *Anderson* (112 N. Y. 104) in support of that proposition. The doctrine announced in that case does not apply here. That case simply holds that the Supreme Court has no power to establish a will except in cases expressly provided by statute and that unless special and exceptional circumstances are shown to exist for the interposition of a court of equity, bills for the mere purpose of establishing a will ought not to be maintained in a case of a devisee of a legal estate who is in possession under the will. In the *Anderson* case the action was brought to establish a will and for no other purpose. This action is in equity and it is sought to establish title in a devisee under an unprobated will and to set aside an earlier will on the ground that it was revoked. The distinction is obvious. In a partition action the Supreme Court has plenary power to determine the rights and interests of the various parties in the property. Probate is not at all essential before title to real property vests in a devisee. (*Corley* v. *McElmeel,* 149 N. Y. 228; *Wallace* v. *Payne,* 14 App. Div. 597; *Irving* v. *Bruen,* 110 id. 558; *Lambden* v. *Thompson,* 173 id. 267; *Bouton* v. *Fleharty,* 215 id. 180.) Where a will " has been lost or destroyed, by accident or design," an action to establish it must be brought in the Supreme Court pursuant to sections 200 and 204 of the Decedent Estate Law (as added by Laws of 1920, chap. 919).

The learned counsel for the defendants urge, however, that under

section 143 of the Surrogate's Court Act a lost or destroyed will may be admitted to probate in that court. The jurisdiction of the Surrogate's Court in this respect is circumscribed and can only be exercised when the " will was in existence at the time of the testator's death, or was fraudulently destroyed in his lifetime, and its provisions are clearly and distinctly proved by at least two credible witnesses, a correct copy or draft being equivalent to one witness." The fraud mentioned in section 143 of the Surrogate's Court Act is a fraud upon the testatrix and the persons who would take under the will where she dies intestate when she intended and desired to die testate and evinced no contrary intention. The destruction of the will without the knowledge or consent of the testatrix in disregard of her intention and to the injury of the objects of her bounty constitutes fraud and becomes a fraudulent destruction within the meaning of the statute. (*Schultz* v. *Schultz*, 35 N. Y. 653.) Under the statute a lost or destroyed will can be admitted to probate in the Surrogate's Court only in a case where a judgment establishing a will could be rendered by the Supreme Court. (*Matter of Kennedy*, 167 N. Y. 163.) The jurisdiction of the Supreme Court is unlimited and such a will may be established where it " has been lost or destroyed, by accident or design, before it was duly proved and recorded within the state." (Decedent Estate Law, § 200.)

It is said, however, that even where a will is established in the Supreme Court the matter must still be remitted to the Surrogate's Court for the purpose of issuing letters. That is quite true. A copy of a will so established, or if it is lost or destroyed the substance thereof, must be incorporated into the final judgment of the Supreme Court. The surrogate, in obedience to that judgment, must then record the same and issue letters thereupon. (Decedent Estate Law, § 203, as added by Laws of 1920, chap. 919.) In this respect the surrogate is not acting judicially but ministerially. It is also said that this action should not be continued because that will deprive the surrogate of jurisdiction and that possibly it will result in two separate adjudications by different courts as to the same estate. It should be remembered that this is a partition suit and not an action in which the plaintiff seeks to transfer from the Surrogate's Court to the Supreme Court the question as to which of two wills of a deceased person should be admitted to probate. It is unquestionably true that the Surrogate's Court is the proper forum to which parties should apply to have wills probated. Ordinarily the Supreme Court will not accept jurisdiction in a probate proceeding unless there are obstacles which would prevent the Surrogate's Court from passing upon the

question. As was said in *Anderson* v. *Anderson* (*supra*): " The general policy of this State is and has been to commit to the courts of probate the decision of questions arising upon the due execution of an alleged will."

It should also be borne in mind that the Surrogate's Court is one of limited jurisdiction and the power of the surrogate is purely statutory. It seems to me that there is grave doubt as to the jurisdiction of the Surrogate's Court to determine questions involved here. In order to confer jurisdiction on that court to determine whether or not the will of July, 1926, was lost or destroyed, it must appear that such will was in existence at the time of the death of the testatrix or was fraudulently destroyed in her lifetime. All these questions can be litigated in the present action. If it be finally determined that the decedent died intestate then the real estate can be sold and the proceeds divided among those entitled hereto. The plaintiff has invoked the aid of the Supreme Court in an action of which the Surrogate's Court has no jurisdiction whatsoever. No good reason occurs to me why his proceedings in this court should be stayed until the questions discussed are litigated in a tribunal of doubtful jurisdiction. The motion is denied, with costs.

Ordered accordingly.