(9 App. Div. 34.)

### WALLACE v. PAYNE.

(Supreme Court, Appellate Division, Second Department. October 6, 1896.)

WILLS—ACTION TO DECLARE VOID—EQUITABLE JURISDICTION.

An equitable action to declare a will void will not lie, as the party aggrieved has a remedy at law, by an action under Code Civ. Proc. § 2653a, to determine the validity of the probate of the will.

Appeal from special term, Kings county.

Action by Robert Wallace against George E. Payne, individually and as executor of the will of Eliza Ann Williams, deceased, impleaded with another, to declare a will void. The complaint was dismissed, and plaintiff appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

George Hahn, for appellant.
A. T. Payne, Jr., for respondent.

BROWN, P. J. The plaintiff, who claimed to be the heir at law of Eliza Ann Williams, deceased, seeks in this action to have the will of said deceased declared void. He alleges in his complaint that said will was on June 10, 1895, filed for probate in the surrogate's office of the county of Queens, and that he has filed an answer to the petition for the probate thereof, contesting the validity of the will on the grounds set out in the complaint. These grounds are that the will was not executed as required by statute, that it was not the free and unconstrained act of the testatrix, and that at the time the will purports to have been executed the testatrix was of unsound mind. The will relates to real and personal property. It was pointed out on the argument that chapter 238 of the Laws of 1853 and chapter 316 of the Laws of 1879, under which the plaintiff claimed the right to maintain this action, had been repealed. Laws 1880, c. 245; Horton v. Cantwell, 108 N. Y. 255, 15 N. E. 546; Anderson v. Anderson, 112 N. Y. 104, 19 N. E. 427. In the place of the provisions of those repealed statutes were enacted

sections 1866 and 1867 of the Code of Civil Procedure. But these sections do not authorize the prosecution of such an action as the present one. The only other authority cited by the plaintiff to sustain the action is the case of Brady v. McCosker, 1 N. Y. 214. In the view we take of the case, it is not necessary for us to determine whether the plaintiff has brought himself within the principle of that case. The general rule was there recognized that equity would not entertain jurisdiction of an action to set aside a will on the ground of fraud, or on the ground of the testator's incompetency, where there was a perfect remedy at law; and it was because there was an outstanding, valid trust term in the whole estate, and a valid, outstanding lease of a part of the land, which would have prevented the plaintiff maintaining an action of ejectment against the devisee under the will, that the court in that case entertained jurisdiction of the action. We are of the opinion that the plaintiff here has a perfect remedy at law, under section 2653a of the Code of Civil Procedure. The moment the will is admitted to probate the plaintiff may have his action, and the question that will be determined there will be whether the writing produced is the last will of the testatrix. The fact that that cause of action does not accrue to the plaintiff until the will is admitted to probate is of no importance. The utmost relief that a court of equity would grant to the plaintiff would be to restrain the devisee from pleading as a defense the outstanding lease of the tenants. Or, if it granted more than that, it would be compelled to frame an issue, and send the case to a jury for trial. The action authorized under the section of the Code quoted is made triable before a jury, and the relief that the plaintiff seeks in this action can be granted to him there. When Brady v. McCosker was decided, there was no form of action available to the plaintiff, such as is now authorized by the Code. The present plaintiff has an ample remedy at law, and a court of equity should therefore refuse to entertain jurisdiction of the present action.

The judgment must be affirmed, with costs. All concur.