## WALLACE v. PAYNE.

(Supreme Court, Appellate Division, Second Department. March 2, 1897.)

WILLS—ACTION TO DECLARE VOID—EQUITABLE JURISDICTION.

    An equitable action to declare a will void will lie where lands devised by the will are in the possession of tenants under leases executed by testatrix, since no action at law can be maintained against the devisees while they are out of possession. 41 N. Y. Supp. 111, reversed.

On reargument. For decision on appeal, see 41 N. Y. Supp. 111.

The plaintiff, by his complaint, alleges that he is the son and the only heir at law of Eliza Ann Williams, deceased; that her alleged will had been filed in the office of the surrogate's court for probate, by which, after giving several legacies, she gave the residue of her estate, real and personal, to the defendant, Payne, and nominated him executor of the will; that the will was not duly executed; that its execution was procured by fraud, circumvention, and undue influence practiced upon the alleged testatrix by the defendant, Payne; and that certain premises of which she died seised had been leased by her to tenants for terms which had not expired at the time the action was commenced, and would not expire for some time thereafter. The defendant, Payne, answered, and on the trial the complaint was dismissed, on motion made, on the ground that it did not state facts sufficient to constitute a cause of action, and for want of jurisdiction.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

George Hahn, for appellant.

A. T. Payne, for respondent.

BRADLEY, J. This is an action in equity by the heir at law of Eliza Ann Williams to have her alleged will declared void. The first hearing of the appeal resulted in affirmance of the judgment appealed from, on the ground that the plaintiff had an adequate remedy at law, by virtue of section 2653a of the Code of Civil Procedure. 9 App. Div. 34, 41 N. Y. Supp. 111. This had been held to be the effect of that section in Lewis v. Cook, 89 Hun, 183, 34 N. Y. Supp. 1037. But the court of appeals, on the review of that case, held to the contrary, and reversed the judgment. Lewis v. Cook, 150 N. Y. 163, 44 N. E. 778. Thereupon a reargument of the case at bar was ordered and heard.

It is the common-law right of a devisee of real estate to have a trial by jury in an action at law, when the devise to him is in question. And this is said to be a right guarantied to a devisee or heir by the constitution. Corley v. McElmeel, 149 N. Y. 236, 43 N. E. 628. There is no statute which seeks to confer the right to maintain such an action in equity. But it has been held that such common-law right is so far qualified that when there is no adequate remedy at law an action like the present one may properly be brought in equity for such relief. This was held by the majority of a divided court in Brady v. McCosker, 1 N. Y. 214. There the original bill was filed by the person who claimed title, as heir of his father, to one half of the real estate in question, and as heir of his brother, the devisee of the father, to the other half, to obtain a decree declaring the will of his brother, which had been propounded to the surrogate for proof, declared void, upon the alleged ground that its execution had been

fraudulently and improperly procured by one of the defendants. And the alleged reason for seeking the relief in the equitable jurisdiction was that at the time of filing the original bill the premises were subject to an unexpired trust term created by the will of the father, and part of them to an unexpired lease executed by such brother of the plaintiff. The question whether the remedy could be sought in equity was raised by demurrer to the bill. The decision of the vice chancellor overruling the demurrer was affirmed by the chancellor. 1 Barb. Ch. 329. And the view of the court on the final review, in affirming the court below, was that the trust was valid, but that, if it was invalid, then the lease passed the interest of the lessor for the term to his tenant, who must be deemed to have been in actual possession when the bill was filed, and that such facts presented an obstacle to recovery at law, which forum the court recognized as the only one in which to seek relief in such case, unless an adequate remedy at law is not available to a party plaintiff. It may be observed that after the termination of the trust term in that case a supplemental bill filed by the successor of the original complainant rested upon the then outstanding lease term. The matters alleged in the complaint in the present case bring it within the doctrine of the Brady Case. The purpose of the action is substantially the same, is founded on the merits upon a like alleged state of facts, and the alleged reason why the plaintiff has not an adequate remedy at law is that Mrs. Williams, prior to her death, made leases of certain described parcels of land, of which she died seised, to tenants, for terms not expired, and that they then went into, and still remain in, possession of the premises under such leases. It is true that the terms of the leases are not, nor are the names of the lessees, stated in the complaint. But the essential facts of leases to tenants and their possession are alleged. And because the court might, on motion, require the plaintiff to make his complaint in that respect more definite and certain, it does not follow that the facts are not sufficiently alleged to give support to the action. Those allegations referred to are not of conclusions of law, but are of facts, from which the conclusion follows that the tenants were in the possession of the premises by virtue of demises made by the testatrix. Our attention is called to no case, since the Brady Case, similar in principle to it, except Clarke v. Sawyer, 2 N. Y. 498, in which no question of jurisdiction was raised until on review in the court of appeals, which was too late for an available objection. And in view of the fact that, by being thus permitted to resort to a court of equity for such relief, a plaintiff may deny to an heir or devisee his common-law right of trial by jury, in the true sense of the term, the doctrine of that case is not entitled to favorable consideration, because the denial of such right is practically unnecessary, since the moving party, in a proper case, may come into a court of equity and obtain injunction against the devisee, enjoining him from setting up an outstanding term as a defense to an action of ejectment. Jones v. Jones, 3 Mer. 161; Anderson v. Anderson, 112 N. Y. 108, 19 N. E. 427. Such injunctive relief is not asked for by the plaintiff in his complaint, and, as the case here presents merely the question of law arising upon the plaintiff's exceptions to the dismissal of the complaint,

no direction can be given on this appeal other than such as may result from the determination of such question of law. Whatever view we might otherwise have on the subject, the Brady Case cannot be here disregarded while it remains undisturbed by the highest court of the state. In the Anderson Case it was cited without criticism. Nor was there any occasion in that case to review it. There the action was to establish a will against the heirs at law of the testator, and the Brady Case had no necessary application to any question arising there for determination, yet Judge Peckham discussed somewhat questions pertaining to the inherent jurisdiction of a court of equity in a manner not entirely favorable to the doctrine applied in that case. And it is said by one of the counsel that the trial court dismissed the complaint upon the authority of Anderson v. Anderson, where the court remarked that "the general policy of the state is and has been to commit to the courts of probate the decision of questions arising upon the due execution of an alleged will." While it is true that the mere factum of a will is properly, and should be exclusively, a matter for the probate court, where the determination otherwise than by review on appeal is conclusive as to the personal property, but is otherwise as to realty, and as the proof of the will in that court is not essential to a devise made by it, a right of action in support of or in hostility to a devise of real estate is not dependent upon any action or proceeding in the surrogate's court for the probate of the will. Corley v. McElmeel, 149 N. Y. 228, 43 N. E. 628. The purpose of the present action has relation to the will so far only as it purports to devise the real property of the testatrix. And as the complaint is not entirely barren of allegations of facts, other than those of inadequacy of remedy by action at law, properly for consideration in its support, the exception to the dismissal of the complaint seems to have been well taken. Nevertheless, the question whether the defendant, as devisee, shall be denied the right of trial by jury, may in the future be presented in a proper manner for the consideration of the court.

The judgment should be reversed, and a new trial granted; costs to abide the final award of costs. All concur.

