(71 App. Div. 591.)

### DELABARRE et al. v. McALPIN.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

WILLS—PERSONALTY — LEGATEE — UNPROBATED WILL — RECOVERY — SUIT BY LEGATEE.

　　One claiming the personalty of a testatrix under an unprobated will may not sue to set aside a subsequent will and a transfer of the personalty by the testatrix, and have the transferee's account for the personalty, since the personal estate vests in the personal representative, and the proper course is a presentation of the former will to the surrogate for probate.

Appeal from special term.

Suit by Walter E. Delabarre and another against George S. McAlpin. From a judgment overruling a demurrer to the complaint (75 N. Y. Supp. 178), defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Percy L. Klock, for appellant.
James W. Purdy, for respondents.

INGRAHAM, J. By this action the plaintiff seeks to transfer from the surrogate's court to the supreme court the question as to which of two wills of a deceased person affecting personal property should be admitted to probate. The complaint alleges that on April 13, 1897, one Sarah G. Nafew, then being of sound and disposing mind, duly executed a last will and testament, by which she gave all her property to the plaintiffs, a copy of which is thereto annexed; that by the will of one Emma J. Schley, the said Sarah G. Nafew became entitled to a legacy of $30,000, less the cost of administration, of

which she had received the sum of $26,000; that with the intention of cheating and defrauding these plaintiffs out of their interest in the estate of the said Sarah G. Nafew, "and securing the whole thereof for himself, well knowing the enfeebled physical and mental condition of the said Sarah G. Nafew and her susceptibility and liability to be easily influenced and deceived, knowing the large amount of money bequeathed to her by the said Emma J. Schley, and contriving and intending to take advantage of her feebleness, infirmities, and credulity to obtain from her all of her property, and knowing her to be of unsound mind and not of testamentary capacity, caused and procured her to make and execute a certain paper writing, purporting to be a will, dated the 20th day of June, 1900, in which instrument the defendant is named as her sole executor and beneficiary"; and in pursuance of the same plan or scheme to defraud these plaintiffs, and to secure to himself the whole of the property of the said Sarah G. Nafew, the said defendant caused or induced the said Sarah G. Nafew, without consideration, to transfer to him, all, or nearly all, of the said legacy; that on or about the 24th day of April, 1901, the said Sarah G. Nafew died in the city of New York, where she then resided; that the procurement of the execution of the above paper writing purporting to be her last will and testament, dated June 20, 1900, by the defendant, and the procurement of the transfer by the said Sarah G. Nafew to the defendant of the said legacy, was caused by the defendant, intending to defraud the plaintiffs, and was procured by fraud and deceit and undue influence, with the intention of obtaining all of the personal property of the said Sarah G. Nafew. Wherefore the plaintiffs demand judgment that it be adjudged that the execution of the will of the said Sarah G. Nafew, dated June 20, 1900, was obtained by the defendant by fraud and undue influence, and the same said act was not her free act and deed, and that the same was and is void; that the transfer by the said Sarah G. Nafew to the defendant of the amount of the legacy received by her under the will of Emma J. Schley was procured by the defendant by fraud, deceit, and undue influence; that the defendant be required to account for all the said property, and for the income, issues, and profits thereof which he has had and received from the same, and for other and further relief. A demurrer to this complaint was interposed by the defendant, which was overruled. It is not alleged that the testatrix had any real property, but the plaintiffs, as legatees under an unprobated will, seek to reach personal property which it is claimed the decedent had, or was entitled to, at the time of her death. It is a general rule, which I supposed was of universal application, that the personal estate of a deceased person vests in his personal representatives, and the next of kin have no standing in a court of law or equity to recover possession of the personal estate of a decedent. If there is in existence a will of the decedent under which these plaintiffs are entitled to her personal property, the usual course would be to present that will to the surrogate for probate, when the question as to whether or not it was the last will and testament of the deceased could be disposed of in the regular way in the surrogate's court. There is no fact alleged in the com-

plaint which would give to the supreme court jurisdiction to probate a will of the deceased; and while a court of equity has, in special cases, undertaken to determine as to the validity of a will affecting personal property where there are obstacles which would prevent the surrogate's court from passing upon the question, the supreme court has always refused to exercise this jurisdiction where the surrogate's court has jurisdiction. As was said in Anderson v. Anderson, 112 N. Y. 113, 19 N. E. 431, 2 L. R. A. 175: "The general policy of this state is and has been to commit to the courts of probate the decision of questions arising upon the due execution of an alleged will." See, also, Higgins v. Trust Co. (Sup.) 10 N. Y. Supp. 389, affirmed 127 N. Y. 635, 27 N. E. 855. As the plaintiffs could have no title to the testatrix's personal property, except through the admission of her will to probate, if the court refuses to entertain the action to admit the will to probate they have no standing in court, as representing the estate of the deceased, which would entitle them to maintain an action to recover personal property belonging to the deceased, or obtained from her by fraud. The surrogate's court is the proper forum to which the parties should apply to have probated the last will and testament of the decedent, and the personal representatives of the decedent are the proper parties to enforce any right to personal property which the testatrix had at the time of her death. So far as a will affects real property, the rule is, of course, different, and in such an action the devisee can prove the will as the foundation of his title. Norris v. Norris, 32 Hun, 175, was an action brought to recover real property, and it was because of the nature of the property affected by the action that the right of the plaintiffs to maintain the action was sustained. This distinction is commented on in Wallace v. Payne, 14 App. Div. 597, 43 N. Y. Supp. 1119, and the action was upheld so far as it affected the real property of the decedent. In no case to which our attention has been called has such a cause of action to recover personal property been sustained in this state.

We think, therefore, that the complaint alleges no facts which would justify the court in accepting jurisdiction of the cause of action, and that the demurrer should have been sustained. It follows that the judgment appealed from should be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiffs to amend upon payment of costs in this court and in the court below. All concur.