(85 Misc. Rep. 99)

### SHERWOOD et al. v. SHERWOOD et al.

(Supreme Court, Special Term, Niagara County. April Term, 1914.)

1. WILLS (§ 257*)—PROBATE—ACTION TO VACATE.

Code Civ. Proc. § 2625, as amended by Laws 1910, c. 578, provides that a decree admitting a will to probate is conclusive as to the validity of the will, except as otherwise provided. Section 2653a provides that the issue, in an action in the Supreme Court, to determine the validity of probate shall be confined to the question of whether the writing produced is testator's last will, and the verdict shall be conclusive as to the realty or personalty, unless a new trial be granted. *Held* that, after probate of a will in Surrogate's Court, the Supreme Court has no jurisdiction to establish an earlier will, and, in an action under section 2653a, a cause of action to establish an earlier will in the Supreme Court cannot be joined with an action to review the validity of the probate of the later will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 592, 593; Dec. Dig. § 257.*]

2. WILLS (§ 747*)—PROBATE JURISDICTION.

The devisees under an earlier will might maintain an action in the Supreme Court to establish their title to realty under such will, of which the devisee under a later will had possession under contracts to convey, and not under the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1918–1933; Dec. Dig. § 747.*]

Action by Robert G. Sherwood and another against Frances Sherwood and others. On demurrer to the complaint. Demurrer sustained.

David Tice, of Lockport, and Harry Cooper, of Medina, for demurrer.

S. W. Dempsey, of Lockport, opposed.

POUND, J. The amended complaint charges: That Benjamin F. Sherwood died on September 26, 1910, owning real and personal estate and leaving the plaintiffs his only heirs at law and next of kin. That he made a will on June 15, 1903, by which he gave his estate to the plaintiffs, subject to a life estate to his wife, who predeceased him. That on May 25, 1904, he made a second will, by which he gave his

household furniture and personal effects, and the use of his real property during her life, to defendant Frances Sherwood, with the remainder over to plaintiffs when they became 25 years of age. That on May 9, 1905, he made a third will, by which he gave his household furniture and personal effects and a life estate in his real property to Frances Sherwood, as in his second will, but gave the remainder of his estate to his executors in trust, to hold during the joint lives of plaintiffs, with power to pay part or the whole of one-half of the income and principal to each of plaintiffs during their lives, and on the death of either to pay his share to his heir. That said will of May 9, 1905, was admitted to probate in Niagara county on January 18, 1913, and letters testamentary were issued to the demurring defendants, who have qualified and are acting as such. That Benjamin F. Sherwood made a land contract on March 17, 1904, whereby he agreed, in consideration of her living with him for the remainder of his lifetime, that he would convey to Frances Sherwood the use of his real property during her lifetime, and that on December 6, 1904, he made a further contract giving her the right to take and have possession of his real property on his death. That she took possession of his real property on his death and has received and had the rents, etc., of same since then, which have amounted to upwards of $3,000 per year. That in the year 1905 said Benjamin F. Sherwood changed the beneficiary in a life insurance certificate on his life in the sum of $1,189 by making Frances Sherwood the beneficiary in place of plaintiffs, and that she now claims the right to receive said sum. That she also took and holds the household furniture and personal effects given her in said will. That said Benjamin F. Sherwood was incompetent to make any of said papers other than the will of June 15, 1903. That said Frances Sherwood, with intent, unjustly, to get said life insurance, personal effects, household furniture, and the use of said real property during her lifetime for herself and to deprive plaintiffs thereof, unduly influenced said Benjamin F. Sherwood to make said papers, all of which, for said reason, are void.

The judgment demanded is: That the will dated May 9, 1905, and the probate thereof be set aside, vacated, and declared null and void. That the two land contracts, the change of beneficiary in said life insurance certificate, and the unprobated will of May 25, 1904, be similarly set aside. That the will of June 15, 1903, be adjudged to be the last will of Benjamin F. Sherwood and be proved and admitted to probate, and that letters testamentary be issued thereon to the defendant Higgs. That an account be had of the rents, issues, and profits of the real property since the death of Benjamin F. Sherwood, and that the defendant Frances Sherwood be adjudged to be liable for same and for the amount of the life insurance certificate and interest on such sums since she received them.

The defendants Frances Sherwood and Leon M. Sherwood, as executors of the last will and testament of Benjamin F. Sherwood, deceased, demur to the amended complaint upon the grounds that it appears upon the face thereof: First. That several causes of action have been improperly united, to wit: One being to determine, pur-

suant to section 2653a of the Code of Civil Procedure, the validity of the probate of the last will and testament, dated May 9, 1905, of Benjamin F. Sherwood, deceased, of which defendants are executors; the second being to have vacated, set aside, and declared null and void an unprobated will of said Benjamin F. Sherwood, deceased, bearing date May 25, 1904; the third being to prove and have admitted to probate, by this court, an alleged last will and testament of Benjamin F. Sherwood, deceased, bearing date June 15, 1903, and to have letters testamentary issued thereon to the defendant John B. Higgs; the fourth being to have vacated, set aside, and declared null and void an alleged change of beneficiary from Robert G. Sherwood and Clayton B. Sherwood to the defendant Frances Sherwood, individually, made in 1905 in a life insurance certificate for $1,189 in the Ancient Order of United Workmen; and the fifth being to have vacated, set aside, and declared null and void two land contracts, one dated March 17th, and the other dated December 6, 1904, made between the defendant Frances Sherwood, individually, and said Benjamin F. Sherwood, deceased, in his lifetime, and to compel said defendant Frances Sherwood, individually, to account for the rents, issues, and profits of the real estate described in said contracts since the death of the said Benjamin F. Sherwood, deceased. Second. That this court has no jurisdiction of the subject of the action, of said cause of action to have vacated, set aside, and declared null and void the unprobated will of Benjamin F. Sherwood, deceased, bearing dated May 25, 1904, or of said cause of action to have proven and admitted to probate the alleged will dated June 15, 1903, of said Benjamin F. Sherwood, deceased, and to have letters testamentary issued thereon to the defendant John B. Higgs. Third. That it fails to state facts sufficient to constitute a cause of action to determine the validity, under section 2653a of the Code of Civil Procedure, of the probate of the last will and testament, dated May 9, 1905, of Benjamin F. Sherwood, deceased, of which defendants are executors.

"A decree admitting a will of real or personal property, or both, to probate is conclusive as an adjudication of the validity of the will, * * * except as in this chapter [chapter 18] otherwise provided." Code Civ. Proc. § 2625, as amended by chapter 578, L. 1910, in effect September 1, 1910.

The decree of January 18, 1913, admitting to probate the will of Benjamin F. Sherwood, dated May 9, 1905, may be reviewed, under chapter 18, Code of Civil Procedure, by appeal (sections 2568–2589), or by action in the Supreme Court, to determine the validity of the will under section 2653a.

"The issue of the pleadings in such actions [under section 2653a] shall be confined to the question of whether the writing produced is or is not the last will and codicil of the testator, or either. It shall be tried by a jury and a verdict thereon shall be conclusive as to the real or personal property, unless a new trial be granted or the judgment thereon be reversed or vacated." Code Civ. Proc. § 2653a.

[1] The complaint herein states a cause of action under section 2653a, over which this court has exclusive jurisdiction. The Supreme Court has no jurisdiction generally over the probate of a will of personal property.

"Neither a court of law nor a court of equity has any authority to look at a will disposing of personal estate, until such will has first been admitted to probate. In this department the jurisdiction of the surrogate is exclusive." Fowler, S., in Matter of Work, 76 Misc. Rep. 403, at page 411, 137 N. Y. Supp. 97, at page 102, citing cases.

It follows that this court has no jurisdiction of the subject of this action, so far as it seeks to establish the unprobated will of June 15, 1903, as a will of personal property, even though the will of May 9, 1905, were unprobated. Delabarre v. McAlpin, 71 App. Div. 591, 76 N. Y. Supp. 301.

So far as an unprobated will affects real property, it has been held that equity will intervene and take jurisdiction in special and exceptional cases. Anderson v. Anderson, 112 N. Y. 104, 19 N. E. 427, 2 L. R. A. 175; Wallace v. Payne, 14 App. Div. 597, 43 N. Y. Supp. 1119.

[2] And, if the later will were unprobated, the fact that the devisee under said will is in possession of the real estate under the contracts set forth in the complaint, and not under the will, might justify the maintenance of this action by the plaintiffs, the devisees under the earlier will, in order to establish their title to the real estate under the earlier will. Anderson v. Anderson, supra.

Prior to September 1, 1910, the effect of probate, as to realty, was to establish the validity of the will presumptively only, upon the trial of an action (Code Civ. Proc. § 2627, repealed by L. 1910, c. 578, in effect September 1, 1910), but probate is now conclusive both as to real as well as personal property, and binds this court until regularly reversed on appeal or set aside under section 2653a. Code Civ. Proc. § 2625. The rule formerly applicable to the validity of wills of personal property alone now applies to wills of real property as well.

It follows that the complaint is bad, except so far as it states a cause of action under section 2653a, because this court has no jurisdiction to probate or establish the will of June 15, 1903, as a will of real and personal property, or either, the decree of January 18, 1913, being a complete bar to an action to establish an earlier will in this court, and an adjudication that there is no other last will, and because, by the express language of section 2653a, no other cause of action can be united with a cause of action to determine the validity of probate under said section.

Demurrer sustained, with leave to plaintiff to serve an amended complaint under section 2653a, on payment of costs of demurrer.