Johanna Von Meyer, Individually and as Committee of John George Lindemann, Incompetent, John George Lindemann and Emma Maria Lindemann, Plaintiffs, *v.* Annabella K. Varcoe, Helene M. Meyer, Auguste T. Riedinger, St. Faith's House and Helena Marie Richter, Defendants.

(Supreme Court, New York Trial Term, March, 1919.)

Deeds — when set aside for fraud and want of consideration — wills — evidence.

A decree of a surrogate based upon the findings of a jury that a testatrix, when she made her will and the codicil thereto, was of unsound mind, is conclusive upon all parties to the proceeding as to the matters embraced therein.

A will directed that three certain parcels of real estate devised in trust for the benefit of an infant were to be conveyed to her when she became thirty years of age. By a codicil a life estate in one of the parcels was given to another person with remainder to said infant. Thereafter testatrix by separate deeds conveyed the fee of the two other parcels to said life tenant, the last conveyance being made when she, an old woman, was *in extremis,* and both of said deeds were executed when she was unconscious or unaware of the nature of her act. Probate of the will was denied upon the finding of the jury that at the time of the execution of the will and codicil the testatrix was of unsound mind. In an action to set aside the deeds lastly executed on the ground that they were obtained by fraud and also for want of consideration, there was no satisfactory evidence offered to rebut the pre-

sumption of the mental incompetency of the grantor at the execution of said deeds and there was no evidence from which an inference could be drawn that the grantees parted with anything of value in order to obtain them. *Held,* that the deeds should be set aside and judgment to that effect is granted.

Action to set aside deeds to real estate.

Harry W. Mack (Lawrence S. Greenbaum, of counsel), for plaintiffs.

Greenbaum, Wolff & Ernst (Lawrence S. Greenbaum, of counsel), for defendant Helena M. Richter.

Oscar B. Thomas, for defendants Annabella K. Varcoe and Auguste T. Riedinger.

Delehanty, J. This is an action to set aside two deeds to real estate located, respectively, at No. 303 West Seventy-eighth street and Nos. 340 and 342 West Eighty-seventh street, in the borough of Manhattan, city of New York. It appears that in the year 1914 the owner, Katherine F. Lindemann, executed a last will and testament by which the property was to be held in trust for the benefit of one Helene M. Meyer, an infant, until she should reach the age of thirty years, whereupon the premises were to be conveyed to her in fee. On March 4, 1915, said Katherine F. Lindemann executed a codicil to her will transferring a life estate in No. 303 West Seventy-eighth street to one Annabella K. Varcoe, and devised only the remainder therein to Helene M. Meyer. On January 31, 1917, Katherine F. Lindemann deeded the Seventy-eighth street property outright to said Annabella K. Varcoe, and the Eighty-seventh street parcel was likewise conveyed to her on the following March third.

Supreme Court, March, 1919.          [Vol. 106.

On the seventh of March, four days after the last con-
veyance, Katherine F. Lindemann died, and probate of
her will has since been denied on the ground that the
deceased at the time of the execution thereof was of
unsound mind, and that the same was procured by
fraud and undue influence.

It is sought to set aside the deeds in question upon
the ground that there was no consideration therefor;
that the same were obtained by fraud, and that the
grantor, being of unsound mind, was legally incompe-
tent to convey the premises.  Upon the trial herein
the heirs at law offered in evidence the decree of the
Surrogate's Court, which indicates that Katherine F.
Lindemann was of unsound mind at the time of the
execution of the will and codicil above mentioned.
Such a decree based upon the findings of a jury with
the litigants herein as parties to the proceedings
before the surrogate is conclusive as to the matters
embraced therein.  Code Civ. Pro. § 2550; *Gugel* v. *His-
cox,* 216 N. Y. 145.  Furthermore, it is well settled
that a deranged mind, proved or admitted to exist at
any particular period, is presumed to continue until
disproved, unless the derangement was accidental or
caused by the violence of a disease, which is not the
case here.  The evidence offered herein to rebut the
presumption of the mental incompetence of Katherine
F. Lindemann was not at all satisfactory.  The wit-
nesses as they appeared in court, their testimony as
given and the surrounding circumstances, force me
to the conclusion that the transactions in question
were not based upon fair dealing.  The grantor at
the execution of the last conveyance was an old woman
*in extremis,* and I am convinced was unconscious or
unaware of the nature and effect of her act.  I am of
the opinion that the same is true of the other convey-
ance executed a few months prior to her death.  No

money passed at the time of either conveyance, and while a valid consideration may be based upon other grounds there is nothing from which the court can infer that the grantees herein parted with anything of value in order to obtain these deeds. They intimate that the property was conveyed to them in order to provide a home for Helene Meyer, but they have shown no legal obligation on their part to do so. Moreover, in obtaining these deeds they deprived her of the property which she would have taken if the will of Katherine F. Lindemann had been declared valid. The sanity of the grantor herein and her freedom from undue influence was not established by the witnesses produced for that purpose. The doctor who testified in behalf of the grantees was not an alienist, and was only called to attend the decedent on her deathbed. While he testified that, in his opinion, she was of sound mind when she executed the deeds, he also said on cross-examination that he thought he might change his testimony upon being reminded that the second deed was made but four days before her death. Other witnesses produced seemed to have some bias in connection with the matter, which called for a careful scrutiny of their evidence. I am satisfied that the interest of justice in this case requires a judgment setting aside the deeds in question and granting the relief prayed for in the complaint.

Judgment accordingly.