Matter of the Estate of THOMAS M. WEED, Deceased.

(Surrogate's Court, New York County, June, 1919.)

Surrogates' Courts — Code Civ. Pro., § 2541, does not apply to uncontested probate proceedings — evidence — wills — infants — when general guardian of a posthumous child is entitled to have decree of probate vacated.

Section 2541 of the Code of Civil Procedure requiring a surrogate to make his decision in writing relates exclusively to trials and does not apply to uncontested probate proceedings.

In New York county the testimony in uncontested probate proceedings may be taken before an assistant to the surrogate.

Where the special guardian of an infant does not qualify and is not formally appointed by order until after the taking of the testimony on the uncontested probate of a will the decree admitting the same to probate will be vacated on the petition of the general guardian of the infant even though the special guardian acted in the proceeding when the testimony was taken, such action being unauthorized and the infant not being thereby legally represented on the hearing.

The general guardian of a posthumous child born after the probate of her father's will is entitled to have the decree admitting the same to probate vacated and the proceeding reopened upon proper application.

APPLICATION for an order vacating and setting aside a decree of probate.

Gustav Lange, Jr., for petitioner.

William R. Brinckerhoff (Alfred G. Reeves and Ambrose G. Todd, of counsel), for Frederick A. Southworth, executor.

FOWLER, S.  This is an application by Margaret Weed, the widow and one of the executors of the above-named decedent, Elizabeth Clark, as general

guardian of Lila Morrison Weed and of Margaret Thomas Weed, for an order vacating and setting aside the decree admitting to probate the paper propounded as the last will and testament of the above-named decedent.

Thomas M. Weed died on the 28th day of January, 1918, leaving him surviving Margaret F. Weed, his widow, a daughter, Lila Morrison Weed, an infant under the age of fourteen years, born on the 5th day of January, 1916, and an unborn child, who was born September 11, 1918, and subsequent to the entry of the decree in this proceeding, which was entered on June 5, 1918.

The petition for probate was executed by Margaret Weed, the widow, and Frederick A. Southworth, who are named as executors under the will. The petition for probate contained the following allegations: " Your petitioners have been informed and verily believe that during the lifetime of said testator he mutilated a part or portion of the paper upon which his last will and testament herein sought to be probated was written; that said mutilation was not the act of the said testator while he was of sound and disposing mind, but was committed at a time and under circumstances which your petitioners are informed and believe rendered said act null and void in law by reason of the mental incapacity of said testator at the time when the said mutilation occurred."

A citation was issued to the infant, Lila Morrison Weed, returnable April 3, 1918, and the same was duly served upon her and upon a person designated to receive service thereof in her behalf. No answer raising an issue herein was filed by any party to the proceeding. Testimony in the proceeding was taken before an assistant to the surrogate, and consists of the testimony of three alleged subscribing witnesses,

two medical experts and a sister of Eliza P. Weed, a legatee.

It is claimed by the petitioners herein that the decedent did not leave any last will and testament at the time of his death and that the paper propounded herein and admitted to probate, if ever executed by him, was lawfully revoked according to the statute in such case made and provided prior to his death. Various questions are raised as to the regularity of this proceeding.

As to the claim that no decision in writing was filed under section 2541 of the Code of Civil Procedure, that section relates exclusively to trials. No answer was filed in this proceeding, and therefore there was no issue to be tried or decided.

It is claimed that the provisions of section 2502, subdivision 8, of the Code of Civil Procedure do not authorize testimony to be taken before an assistant to the surrogate. The assistant to the surrogate does not receive his authority from that section, but from chapter 201 of the Laws of 1850, section 1, and by chapter 410 of the Laws of 1882, section 1182. Section 2536 of the Code of Civil Procedure, also referred to by the petitioner, relates to contested proceedings only.

As to the claim that the infant Lila Morrison Weed was not legally represented by a special guardian, it appears that on March 20, 1918, an order was signed designating a person to receive citation in behalf of said Lila Morrison Weed, and that on March 22, 1918, the citation was served on them both. In April, 1918, the testimony was taken. On May 6, 1918, the consent of the person designated to receive citation and act as the guardian of Lila Morrison Weed was filed, and on said day he was appointed special guardian for her. While it is a fact that the special guardian acted in this proceeding at the time of the taking of the testi-

Surrogate's Court, New York County, June, 1919. [Vol. 107.

mony, he did so inadvertently and without authority, as, in fact, the order appointing him was not made until a later day. I think, therefore, the infant was not legally represented by a special guardian at the time of the hearing, and the decree should be opened on that account. Code Civ. Pro. § 2534.

As to the question of jurisdiction over the unborn infant, both parties admit that she is not bound by the existing probate of the will, and the petition of her general guardian to vacate the decree should be granted.

As to the claim that the decree should be opened because of the excusable default of the widow, Margaret Weed, there are so many conflicting statements of fact that it will be impossible to decide the matter. This would necessitate the taking of testimony by the court or a referee. Inasmuch as it is necessary to open the decree to obtain jurisdiction over the child which was unborn at the time of the probate, and to enable the other infant to be legally represented when the decree is so opened, the widow may, as intimated by counsel for the respondent, file objections and put in issue any question involved in this proceeding, and therefore it will not be necessary to consider the question of opening the decree on her account.

Decreed accordingly.