MANUEL JOSEPH BRAZILL, Respondent, *v.* LILA MORRISON WEED and MARGARET THOMAS WEED, Appellants, Impleaded with Others.

First Department, May 14, 1920.

**Equity — suit to remove cloud on title — conveyance by testamentary trustees and subsequent annulment of decree of probate — when grantee may sue heirs in equity — counterclaim in ejectment — when equitable issues should be first tried and determined.**

Where executors and testamentary trustees pursuant to a power of sale contained in a will duly admitted to probate conveyed realty to the plaintiff who paid the fair value, executed a purchase-money mortgage and made improvements on the property and thereafter the decree of probate was vacated and set aside in proceedings brought by the heirs and on behalf of a posthumous child, who was not bound by the existing probate, and an action of ejectment was brought against the plaintiff by infants interested in the realty, the plaintiff, who was not a party to the probate proceedings nor to the proceedings to revoke the will, may maintain a suit in equity to remove as a cloud upon his title the claims of said heirs, and where the defendants counterclaim in ejectment, the plaintiff is entitled to an order that the equity issues be first tried and determined and postponing the trial of the issues in ejectment raised by the counterclaim.

APPEAL by the defendants, Lila Morrison Weed and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of February, 1920, separating issues, requiring the equity issues to be first tried and determined and postponing the trial upon the issue raised upon the defendants' counterclaim in ejectment until after the trial of the plaintiff's issues raised by the complaint and the answer.

*Gustav Lange, Jr.,* for the appellants.

*Edwin Welling Cady* of counsel [*Harold Swain,* attorney], for the respondent.

SMITH, J.:

The action was brought to remove as a cloud upon plaintiff's title to premises No. 464 West One Hundred and Forty-fifth street in the borough of Manhattan, certain claims made by defendants to said premises. One Thomas M. Weed died January 28, 1918, the owner of the premises in question. He left a last will and testament in and by which he devised the realty in question in trust to the defendants Margaret Weed and Frederick A. Southworth, who were named as executors. The will assumed to give them a power of sale of the said premises with directions to use the income of sale for certain trusts specified in said will. Thomas M. Weed was survived by his widow, Margaret Weed, and by a child, Lila Morrison Weed, and a posthumous child, Margaret Thomas Weed, born September 11, 1918.

On March 19, 1918, the defendants, Margaret Weed, the widow, and Frederick A. Southworth, petitioned for the probate of the will. The defendant Lila Morrison Weed was duly cited. The plaintiff herein was not a party to the probate proceedings, nor the proceedings had in the Surrogate's Court. The petition alleged that the will had been mutilated, in that the signatures and the proper attestation clause had been torn therefrom, and it was alleged that the mutilation was not caused by the voluntary act or intent of the testator, and that the will was mutilated by accident or fraudulent design.

On June 5, 1918, by final decree of the Surrogate's Court, the will was admitted to probate and letters testamentary were

First Department, May, 1920.                    [Vol. 192.

issued to Margaret Weed and Frederick A. Southworth, the surrogate having determined that the will was mutilated by Thomas M. Weed while he was not in his right mind.

On October 28, 1918, these executors executed and delivered to plaintiff a deed of the real estate of the said Thomas M. Weed, including the premises in question. The purchase price of the premises was $11,875; $3,875 was paid in cash and $8,000 by a purchase-money bond and mortgage executed by the plaintiff which has since been reduced by the payment of $250 on account of principal. The purchase price was the fair value of the premises. At and prior to the closing of the title with the plaintiff, the said Margaret Weed and Frederick A. Southworth, it is alleged, repeatedly represented to plaintiff that they would cause the will to be reprobated as to the alleged posthumous child, Margaret Thomas Weed, and upon said representation the plaintiff took title. The plaintiff entered into possession of the premises under his deed and proceeded to make improvements thereupon to the extent of $1,500, and paid taxes and insurance to the amount of $338. His possession was undisturbed and there was no claim of an adverse interest until the fall of 1919, when an action for ejectment was brought by the defendants Lila Morrison Weed and Margaret Thomas Weed against the plaintiff. It was then learned for the first time by the plaintiff that proceedings had been taken by the said Margaret Weed and her two children to vacate the decree of the Surrogate's Court admitting the will of Thomas M. Weed to probate, and also to vacate an order of that court which appointed Warren Leslie special guardian of Lila Morrison Weed in the proceedings. The ground of the application of Margaret Thomas Weed was that she was not born at the time of the probate and was not bound by the then existing probate of the will. The claim of Lila Morrison Weed was that the consent to the order appointing Warren Leslie special guardian to represent her at probate was not signed until after the testimony had been taken in the probate proceedings, at which said special guardian had appeared and represented her in the cross-examination of the witnesses, he believing that he was duly authorized to act.

Upon this petition the probate proceedings were vacated and set aside. (See *Matter of Weed,* 107 Misc. Rep. 595.) To

these proceedings the plaintiff was in no way a party. Thereafter Elizabeth Clark was appointed administratrix of Thomas M. Weed, deceased. An account was filed by Frederick A. Southworth alone, which was before this court in *Matter of Clark* v. *Southworth* (189 App. Div. 771) and which denied the petitioner's application to compel the executors to pay over to her all of the personalty of the estate. The opinion in reference to the taxes and the amount that had been paid by the plaintiff thereon, reads as follows: " The account shows that there is cash on hand in the Central Union Trust Company amounting to $8,512.25; that the executors sold real property for $11,875, and received a mortgage for $8,000; thus the $3,875 of the cash on hand should be treated as a part of the real estate, as the real estate would pass to the heirs-at-law and not to the administratrix, and as the executor may be called upon by the heir-at-law to account for these proceeds he should be allowed until the determination of the accounting proceedings to retain the $8,000 mortgage and the $3,875. This would leave a balance of cash of $4,637.25 in his hands. This sum is more than ample to pay all the expenses of administration and commissions that the executor would be allowed upon the accounting."

An action in ejectment was also brought by the two infants. Thereupon, this plaintiff brought this action in equity, making all parties, including .Elizabeth Clark, as administratrix, parties thereto, and has asked to remove as a cloud from his title the claims of the two daughters of Thomas M. Weed to the title of said premises as heirs of their father. The defendants have answered in said action and the two daughters have also counterclaimed in ejectment for possession of the premises. The order from which this appeal has been taken is an order separating the issues and requiring the equity action to be first tried before the counterclaim in ejectment.

In *Wallace* v. *Payne* (14 App. Div. 598) it is held: " That, while the mere factum of a will was exclusively a matter for a probate court, yet probate was not essential to a devise of realty, and as the present action related to the will only in so far as it purported to devise real property, the allegations of the complaint were sufficient to justify equitable cognizance."

In *Corley* v. *McElmeel* (149 N. Y. 228) the rule is stated: "While the probate of a will disposing of real and personal property is essential to authenticate the title of the executor to administer upon the personal property, the title to the real property vests in the devisee by virtue of the instrument itself, unaided by its probate." It was further held: "A surrogate's decree refusing probate to a will devising real and personal property upon the ground of its invalidity, is not *res adjudicata* between the parties to a subsequent partition action brought by an heir at law of the testator against a devisee under the will; and the latter is entitled to have the validity of the devise determined by a jury, although he may have voluntarily appeared in the proceedings before the surrogate and participated therein."

We may assume for the argument that, the probate of the will having been revoked by the surrogate, the situation is presented of the plaintiff claiming real estate under a will which has not been probated. This claim may, nevertheless, be sustained if a valid will be proven giving power to these trustees to execute this conveyance, within the authorities cited. It is not necessary for us here to determine whether the probate was entirely annulled or could be entirely annulled as against this plaintiff without his being a party to the proceeding, nor its effect as far as may concern the dower interest of the widow, nor are we here concerned with the claim of Margaret Thomas Weed, the posthumous child. If she had any claim under the Decedent Estate Law (§ 26) to the real estate rather than in the proceeds thereof, that claim is subject to adjustment in the equity action. This plaintiff, in good faith, has purchased this property from the trustees under a will which purported to have received the sanction of the probate court. Moneys have been paid thereupon and he has assumed liability upon a bond which is secured by mortgage upon the premises. If he should fail in his action to establish his title, his rights in this fund are the subject of equitable cognizance, so that the action in equity is properly brought. If, however, he maintains his claim, that Thomas M. Weed died leaving a valid last will and testament and that his title came under a valid power of sale given thereby, then I have no doubt of

his rights, at least against the widow and the infant living at the time of the death of Thomas M. Weed, and possibly as to the posthumous child, that his title may be declared by the court. It was very proper, therefore, that this issue should be first tried. If in an action for ejectment this equitable defense were set up, this issue would be required to be determined before the rights of those children were declared to have ejectment as against this plaintiff. In the action for ejectment all the parties are not before the court to determine the plaintiff's rights in the moneys paid, if not in the property itself. A separate equity action was, therefore, properly brought and this was very properly ordered to be first tried before the determination of the issues in the ejectment action.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

DOWLING, LAUGHLIN and MERRELL, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.