George D. Velsor, as Committee of the Person and Property of Elizabeth Velsor, an Incompetent Person, and Henry H. Brundage, ·Plaintiffs, *v.* Edwin R. Freeman, Helen F. Freeman, Florence S. Freeman, Allen L. Lindley, Charles A. Lindley, Copartners, Doing Business under the Firm Name and Style of Lindley & Company, Defendants.

Supreme Court, Kings County, March, 1922.

Decedent's estate — practice — motion to dismiss complaint — affidavits cannot be considered on motion — fraud — scheme to obtain possession of property of aged man to exclusion of his heirs — action to set aside conveyances and to establish invalidity of will — sufficient complaint — when Supreme Court will retain jurisdiction and not remit matter to Surrogate's Court — when motion to appoint receiver of property refused — injunction restraining transfer of property.

Unless special reason is disclosed calling for the exercise of equitable jurisdiction the court will relegate to the Surrogate's Court the determination of all questions relating to the execution and validity of a will, including the right to a trial by jury.

Upon a motion to dismiss a complaint on the ground that it does not state a cause of action, affidavits in aid of the allegations of the complaint may not be considered, and unless it appears that admitting all the facts alleged and

all necessary inferences fairly arising therefrom, no cause of action whatever is presented, the motion will be denied.

A complaint by the niece and the nephew of a decedent, his only heirs at law and next of kin, alleged that at all the times therein mentioned their decedent, who was about eighty-three years of age, was in feeble health and mentally incompetent; that the defendant F. in concert with his wife and daughter, with knowledge of and taking advantage of the mental and physical condition of decedent, and with intent to get possession for himself and family of all of decedent's property, " spirited away " and removed him to a sanitarium in the state of New Jersey, where he was kept in seclusion concealed from his relatives and friends under the constant surveillance of the defendants F., who assumed control and dominion over his property until he died. It was further alleged that while decedent was so confined said defendants by fraud, deceit, undue influence and compulsion persuaded and compelled decedent to execute to the wife of F. a conveyance of certain real estate in the state of New Jersey, without any or for a grossly inadequate consideration, a power of attorney to F. covering all the personal property of the decedent, and a writing purporting to be his last will and testament. It was also alleged that said instrument was not a valid will but was the culmination of the plan of defendants F. to obtain all the property of decedent by attempting to make F. the sole beneficiary under his will and the sole executor of his estate, and that the dominion of the defendants F. over the deceased continued up to the time of his death. Upon information and belief it was alleged that by virtue of the power of attorney F. acquired control of and converted a large amount of stocks and bonds or the proceeds thereof and other personal property belonging to the deceased; that the defendants L. were made parties defendant for the purpose of enjoining them from delivering to F. any other stocks, bonds or personal property of the deceased, said defendants L. having been his brokers, and that the estate of deceased had been so depleted and converted without any security to protect it, to the prejudice of plaintiffs, that they were without adequate remedy at law. The relief prayed for was that the deed to the wife of F. be adjudged fraudulent and void, and that she be decreed to convey said real property to plaintiffs, and that they be adjudged entitled to all property owned by the decedent at the time of his death, and to the profits thereof; that the power of attorney be adjudged void; that a receiver be appointed to preserve all the property pending the action, and to carry the judgment asked for into effect; that defendants L. be enjoined from delivering to F. any further stocks and bonds, and for other incidental and appropriate and suitable relief. Upon denying a motion to dismiss the complaint on the ground that it did not state a cause of action, *held,* that F.'s wife, the grantee in the conveyance, not being an her at law of the decedent, could not be made a party to a probate proceeding, and that the Surrogate's Court had not jurisdiction to adjudge the fraudulent character of the conveyance to her and decree a reconveyance to those entitled to the property. Under such circumstances equity will assume jurisdiction to determine the invalidity of the will and the conveyance.

The specific prayer that plaintiff be adjudged entitled to all the property belonging to decedent at the time of his death necessarily required an adjudication of the invalidity of the will, and must prevail as against the contention of plaintiffs' counsel that the court is not asked to adjudicate either the validity or the invalidity of the will.

The action to set aside the conveyance of the real estate was properly cognizable in equity, and the court having acquired jurisdiction over all the parties will, by its decree settling the whole controversy, determine as to the validity of the will.

The allegation that the decedent died intestate, based upon the subsequent allegations of the invalidity of the will by reason of undue influence exercised over decedent, was a mere conclusion of law and was not to be deemed admitted.

Upon the motion for the appointment of a receiver the important facts upon which plaintiffs relied to establish the mental incompetency of the deceased

and the exercise of undue influence over him by the defendants having been withheld from the consideration of the court, and in place thereof insinuation, vituperation and groundless conclusion substituted, the motion will be denied.

It appearing that the defendants L. have no assets belonging to decedent in their possession or under their control, and that they are financially responsible for any such property as might hereafter come into their possession, the injunction as to them will be vacated, but it being advisable that the property of decedent in the possession of the defendants F. so far as undisposed of should be kept intact, the injunction as to them will be continued, unless they give an undertaking as prescribed by section 900 of the Civil Practice Act.

MOTION by plaintiffs for a receiver. Motion by defendants to dismiss complaint.

*Fred M. Ahearn,* for plaintiffs.

*Lesser Brothers* (by *Benjamin Lesser*), for defendants Edwin R. Freeman and Helen F. Freeman.

*Van Vorst, Marshall & Smith,* for defendants Lindley.

DIKE, J. Two motions are here involved. The first is a motion by the plaintiffs for the appointment of a temporary receiver of the property belonging to one David B. Cocks at and prior to his decease and of the assets of his estate. Pending the motion the defendants are restrained from disposing of, secreting or destroying the property, books, papers or documents belonging to said deceased and any of the assets of his estate; and the defendant Helen F. Freeman is restrained from alienating or incumbering a parcel of real property situated in the state of New Jersey and which was conveyed to her by the decedent shortly before his death. The second is a motion by the defendants to dismiss the complaint on the grounds, (a) that the court has not jurisdiction of the action, and (b) that the complaint is insufficient in law upon the face thereof. The complaint is of considerable length. It alleges that the plaintiffs Elizabeth Velsor and Henry H. Brundage are respectively the niece and nephew of the said deceased and his sole heirs at law and next of kin; that at all the times mentioned in the complaint the said deceased was about eighty-three years of age, in feeble health, and mentally incompetent; that in January, 1920, the defendant Edwin R. Freeman, acting in concert with his wife and daughter, the defendants Helen F. and Florence S. Freeman, knowing and taking advantage of his mental and physical condition and with the intention and scheme of getting possession for himself and family of all of his property, " spirited away " and removed the said Cocks to a sanitarium in the state of New Jersey; that he was there kept in seclusion, concealed from his relatives and friends, in the constant surveillance of the defendants Freeman, who thereby assumed control and dominion over his person and property; that while so confined the defendants Freeman, in pursuance of their

said design, by fraud, deceit and undue influence and compulsion, persuaded and compelled said Cocks to execute to the defendant Helen F. Freeman a conveyance of a house and lot situated in Asbury Park, N. J., without any or for a grossly inadequate consideration; also a power of attorney to the defendant Edwin R. Freeman covering all the personal property of the deceased; also a writing purporting to be his last will and testament; that said instrument was not a valid will but was the culmination of the plan of said defendants Freeman to obtain all the property of decedent by attempting to make said Freeman the sole beneficiary under his will and the sole executor of his estate; and that said dominion over the deceased continued up to the time of his death. It is further alleged upon information and belief that by virtue of said power of attorney said Freeman acquired control of and converted a large amount of stock and bonds, or the proceeds thereof, and other personal property belonging to said deceased; it is also alleged that the defendants Lindley are made parties defendant for the purpose of enjoining them from delivering to said Freeman any other stocks, bonds or personal property of the deceased, they having been his brokers in his lifetime; and that the estate of deceased has been so depleted and converted without any security to protect it, to the prejudice of plaintiffs, who are without adequate remedy at law. The relief asked is that the deed to defendant Helen F. Freeman be adjudged fraudulent and void and she be decreed to convey the said property to the plaintiffs; that plaintiffs be adjudged entitled to all the property belonging to said deceased at the time of his death and the profits thereof; that said power of attorney be adjudged to be void; that a receiver be appointed to preserve all the property pending the action and to carry the judgment into effect; that the defendants Lindley be enjoined from delivering to said Freeman any further stocks and bonds; and for other incidental and appropriate equitable relief. I shall consider *first,* the motion to dismiss the complaint on the ground that it does not set forth a cause of action. On such a motion the complaint alone is to be considered. Affidavits in aid of the allegations thereof are not available. Rules of Civil Practice, 106; *Bay Court Estates Co.* v. *Dickerson,* N. Y. L. J. Feb. 25, 1922. And all the facts alleged and all necessary inferences arising therefrom are deemed admitted; but conclusions of law based upon allegations of facts are not admitted. *Frank* v. *Mandel,* 76 App. Div. 413; *Burdick* v. *Chesebrough,* 94 id. 532. On such a motion the pleading will be deemed to allege whatever may be implied from its statements by reasonable intendment. It is not sufficient that the facts be imperfectly averred or that the complaint lacks " definiteness

and precision," but the motion will be denied unless it appears that, admitting all the facts alleged, no cause of action whatever is presented. *Marie* v. *Garrison*, 83 N. Y. 14; *Kain* v. *Larkin*, 141 id. 144. Applying these principles, the allegation of the complaint that said Cocks died intestate is a conclusion of law based upon the subsequent allegation of the invalidity of the will by reason of the undue influence exercised over Cocks while he was mentally incompetent. Such allegation is not to be deemed admitted upon this motion. On the contrary, the complaint fairly alleges that the deceased did in fact leave a last will which, so far as appears, is unprobated, and that the defendant Edwin R. Freeman is the sole beneficiary and executor. Counsel for plaintiffs asserts in his brief that this court is not asked to adjudicate the validity or invalidity of the will. The assertion is a dangerous one. For if this court should adjudge only the invalidity of the power of attorney and, in accordance with the suggestion of counsel, should decline to adjudicate upon the will, then a decree of the Surrogate's Court determining the validity of the will and admitting it to probate would confirm title to all the testator's personal property, including any that may have been acquired by virtue of the power of attorney in the defendant Edwin R. Freeman as sole executor and beneficiary. Such a decree by the surrogate, especially after a jury trial, would be conclusive against every person over whom jurisdiction was obtained. Surrogate's Court Act, § 80; *Von Meyer* v. *Varcoe*, 106 Misc. Rep. 426. And the success of the plaintiffs in this action would be ineffective except as to the real property. But I think that the specific prayer of the complaint that the plaintiffs be adjudged entitled to all the property belonging to Cocks at the time of his death should prevail as against this assertion of counsel. Such relief requires necessarily an adjudication of the invalidity of the will, and I conclude, therefore, that to secure such an adjudication is within the intended scope of the action. Assuming this to be so, does the complaint state a cause of action and is such cause of action cognizable in equity? I think the answer must be in the affirmative. It is unnecessary to determine whether, under the constitutional provision, this court has inherent power over an unprobated will, where such will relates solely to personal property. It is certain, however, that in the absence of exceptional circumstances such jurisdiction will neither be assumed nor exercised by this court. Section 2653-a of the former Code, which expressly authorized an action to determine the validity or invalidity of the probate of a will, was repealed by chapter 443 of the Laws of 1914. And now, as the result of comparatively recent legislation, adequate provisions exist for the determination in the

Surrogate's Court of all questions relating to the execution, validity or invalidity of a will, including the right of a jury trial. Therefore, upon the theory that the powers of equity should neither be invoked nor exercised when there is an adequate remedy at law, it has been and is the policy in this state to relegate to the Surrogate's Court the determination of questions of this character. Such is the rule where no especial reason is disclosed calling for the exercise by this court of its equitable jurisdiction. *Brady* v. *McCosker,* 1 N. Y. 214; *Anderson* v. *Anderson,* 112 id. 104, 113; *Delabarre* v. *McAlpin,* 71 App. Div. 591; *Higgins* v. *Union Trust Co.,* 32 N. Y. St. Repr. 197; affd., 127 N. Y. 635; *Sherwood* v. *Sherwood,* 85 Misc. Rep. 99, 104. It has been held that the mere *factum* of a will properly is a matter for the Surrogate's Court and that the determination there made is conclusive as to the personalty except as reviewed upon appeal. *Wallace* v. *Payne,* 14 App. Div. 597, 601. Moreover, the probate of a will is necessary to the due administration by the executor of the personal estate. *Corley* v. *McElmeel,* 149 N. Y. 228; cited to this effect in *Brazill* v. *Weed,* 192 App. Div. 66, 70. Therefore, if the will in question related solely to personal property, and the sole issue was as to its validity or invalidity, I should hesitate to decide that the complaint stated a cause of action of which a court of equity would assume jurisdiction. But where a will relates to real property the probate thereof is not essential to confirm title in the devisee. Title vests by virtue of the instrument itself. And the probate, while creating the presumption of validity, is not conclusive upon the devisee. His title " is still open to litigation at the instance of the heir at law, who is not concluded by anything which has taken place in the Surrogate's Court." *Corley* v. *McElmeel,* 149 N. Y. 228, 236; *Norris* v. *Norris,* 32 Hun, 175; *Matter of Connell,* 75 Misc. Rep. 574; *Wallace* v. *Payne,* 14 App. Div. 597, 601; *Delabarre* v. *McAlpin,* 71 id. 591, 594; *Alfred University* v. *Frace,* 193 id. 279, 284. So in the present case the plaintiffs, as heirs at law of Cocks, may assert their title to any real property left by him. The New Jersey property is in the possession of defendant Helen F. Freeman by virtue of the conveyance hereinbefore mentioned. She is not an heir at law of the decedent and, therefore, could not be made a party to probate proceedings in the Surrogate's Court. Surrogate's Court Act, § 140. Moreover that court has no jurisdiction to adjudge the fraudulent character of the conveyance to her and decree a reconveyance to those entitled. Under such circumstances equity will assume jurisdiction of an action to determine the invalidity of the conveyance and of the will. There is no adequate remedy at law. *Brady* v. *McCosker, supra; Norris* v. *Norris, supra;*

*Irving* v. *Bruen,* 110 App. Div. 558; affd., 186 N. Y. 605; *Wallace* v. *Payne, supra; Brazill* v. *Weed, supra. Irving* v. *Bruen* was an action by an heir at law to set aside a deed and a will alleged to have been secured by the exercise of undue influence by the grantee and devisee. In its opinion the court said: " Moreover, the deed and the will are part of one scheme to obtain the property of deceased. It was especially fitting, therefore, that these actions should be joined and tried as one." The case is cited on this point in *Alfred University* v. *Frace, supra,* and the principle recognized in *LeBrantz* v. *Conklin,* 39 Misc. Rep. 715. So in the present case the claim is that the defendants Freeman, acting together and in furtherance of a single scheme, fraudulently secured the execution of the deed, the power of attorney and the will. The location of the real property in New Jersey is not a barrier to the equitable relief sought in this action. Equity acts *in personam* and having jurisdiction of the person, may decree a conveyance of real property without the state. *Newton* v. *Bronson,* 13 N. Y. 587, 591; *Lucia Mining Co.* v. *Evans,* 146 App. Div. 416, 417; *Chase* v. *Knickerbocker Phosphate Co.,* 32 id. 400, 403; *Mead* v. *Brockner,* 82 id. 480. Therefore, I conclude that the action by the plaintiffs, as heirs at law of the decedent, to set aside the conveyance of the New Jersey property is properly cognizable in equity, and that this court, having acquired jurisdiction over all parties interested, will exercise its equitable power to settle the entire controversy by determining the validity or invalidity of the will. The motion to dismiss is denied.

*Second,* as to the motion for the appointment of a receiver.

It satisfactorily appears from the papers presented that the deceased and the Freemans lived as members of the same household for over fifteen years; that they passed fourteen summers together in the Asbury Park property; that Helen F. Freeman has known the deceased for about forty years; that after he ceased to live with the Freemans by reason of their change of residence, he lived for many years with the aunt of defendant Helen F. Freeman. During all these years he was on terms of the closest intimacy with the defendants. The defendant Edwin R. Freeman has been a member of the New York Produce Exchange for over twenty years, has served as a member of its board of managers and on other important committees; and for seventeen years he has been and now is a member of a reputable firm. The decedent's will was admitted to probate in New York county on May 14, 1920, after the due service of a citation upon the plaintiffs. After a delay of nearly one year and on May 3, 1921, an application to open the probate proceedings was denied as to the plaintiff Brundage,

but granted as to the plaintiff Velsor on the ground of her incompetency when the original citation was served upon her. The surrogate directed that a supplemental citation issue to her to show cause why the probate should not stand and the matter was adjourned to a day in December, 1921. In his affidavit of December 7, 1921, the attorney for the plaintiffs admits that the powers of Freeman, as executor, have been suspended pending final determination of all proceedings in the Surrogate's Court. And the affidavit of Hilbert I. Trachman, verified December 13, 1921, and submitted on behalf of the defendants, has annexed thereto a copy of a citation and order issued out of the Surrogate's Court on December 2, 1921, requiring Freeman to show cause on December 13, 1921, why the letters issued to him as such executor should not be revoked and suspending his powers and restraining him from transferring or disposing of any assets of the estate until the further order of the court. It appears that this proceeding was adjourned for one week. This court is not informed as to the outcome of this or of any other proceedings that may have been instituted in the Surrogate's Court. However, it does appear that the proceeding in the Surrogate's Court, above referred to, was instituted on behalf of the plaintiff Elizabeth Velsor after the commencement of this action in equity. Under these circumstances I see no reason for granting provisional relief which supplements the action of the surrogate of New York county for the protection of the estate. With respect to the personal property of the deceased which may have come into possession of Freeman, not as executor, but under the power of attorney, I have this to add: Neither the financial responsibility nor the business standing of Freeman is impeached; nor is his character attacked otherwise than by innuendo, insinuations and inferences based upon circumstances equally susceptible of an innocent interpretation. He denies any wrongdoing. The power of attorney presumptively is valid, for the deceased is in law presumed to have been mentally competent. This presumption is not negatived by any physician or expert produced by the plaintiffs. On the contrary, the defendants present the affidavits of life long friends to the effect that the deceased never disclosed signs of mental incompetency. I find that the certificate of the family physician and that of the physician who attended him in his last illness and who operated upon him, both assert the mental competency of Mr. Cocks at the time in question. The moving papers contain statements by the attorney for the plaintiffs as well as by one of the doctors that all of the evidence has not been placed before the court in affidavit form upon this application. In any event it is quite evident that the important facts, upon which

plaintiffs rely to establish the mental incompetency of the deceased and the exercise by the defendants of undue influence over him, have been withheld from the consideration of the court. And in the place of these facts the plaintiffs have substituted insinuation, vituperation and groundless conclusion. Under these circumstances and for the other reasons stated I see no reason for the appointment of a receiver. It appears that the defendants Lindley have no assets belonging to said deceased in their possession or control, and they are financially responsible for any such property which might hereafter come into their possession. The injunction is vacated as to them. However, it seems to me to be advisable that the property of decedent in the possession of the defendants Freeman, so far as it has not been disposed of already, should be kept intact. As to these defendants the injunction is continued, unless, in the alternative, they give an undertaking as prescribed by section 900 of the Civil Practice Act. In this event I will hear counsel as to the amount thereof. If the injunction is continued I shall require a new undertaking by the plaintiffs and will hear counsel as to the amount thereof.

Ordered accordingly.